# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                    No. 19-po-3 RB-KRS

**MANYEL BRACAMONTE-GASPARINI,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Defendant Manyel Bracamonte-Gasparini appeals his judgment and conviction imposed by United States Magistrate Judge Kevin R. Sweazea on January 30, 2019, and entered on January 31, 2019. (Docs. 19; 20.) Defendant was found guilty of illegal entry without inspection in violation of 8 U.S.C. § 1325(a)(1). (Doc. 19.) On appeal, Defendant asserts that the Government failed to prove that he actually "entered" the United States for two reasons. First, because the Magistrate Judge incorrectly applied the law regarding the doctrine of official restraint and Defendant "was under official restraint from the time of his entry until his arrest." (Doc. 27 at 5.) Second, because "he did not enter the United States with the intention of evading inspection." (*Id.*) Accordingly, Defendant argues that since he never actually "entered" the United States and entry is a required element of a § 1325(a) violation, his conviction should be overturned. (*Id.* at 19.)

    This Court previously declined to adopt the Ninth Circuit's doctrine of surveillance as official restraint in the criminal context. *See United States v. Gaspar-Miguel*, 362 F. Supp. 3d 1104, 1107 (D.N.M. 2019), *appeal docketed*, No. 19-2020 (10th Cir. Feb. 5, 2019). The Court declines to reconsider the issue here. Further, the Court agrees with United States District Judge Kenneth Gonzales's recent and well-reasoned conclusion in *United States v. Montes-Guzman* that defining "entry" to include "actual and intentional evasion of inspection" would "impermissibly

collapse[] § 1325(a)(1) with § 1325(a)(2) . . . [and] render § 1325(a)(2) entirely superfluous . . . ." No. 18-PO-4491 KG/SMV, 2019 WL 2211090, at *6 (D.N.M. May 22, 2019). Thus, the judgment of the United States Magistrate Judge finding Defendant guilty of entry without inspection in violation of 8 U.S.C. § 1325(a)(1) is **affirmed**.

**I.      Background**[1]

Defendant is a citizen of Nicaragua. (Doc. 26 at 79:11–13, 107:9–11.) On the evening of December 31, 2018, United States Border Patrol Agent Jesus Manuel Barroso was on line-watch duty. (*Id.* at 33:7–14.) Agent Barroso had parked his vehicle near Border Monument One on a road that runs parallel to the Rio Grande on the United States side of the border. (*Id.* at 15:24–16:16, 35:18–25.) He "noticed some vehicle headlights going northbound from the Mexican side of the border" (*id.* at 16:14–16), and "[s]hortly thereafter a sensor activation activated near the border," so he proceeded to the area to investigate. (*Id.* at 17:12–14.) Agent Barroso then encountered a group of people in the United States approximately 100 yards north of the international border, and Defendant approached him while he was speaking to other individuals. (*Id.* at 21:7–9, 55:17–19, 56:6–7.) Agent Barroso identified himself and Defendant presented his Nicaraguan passport and admitted that he was a citizen of Nicaragua. (*See id.* at 25:15–26:2.) Agent Barroso testified that he did not observe Defendant cross the international border. (*See id.* at 22:7–9.)

At the close of trial, Judge Sweazea credited Agent Barroso's testimony and made specific findings of fact that "[w]hen he was about a hundred yards north of the international border he encountered some people that eventually included the defendant." (*See id.* at 106:21–23.) He found that Agent Barroso "inquired of the defendant in Spanish about where the defendant had entered

---

[1] The Court recites only that factual and procedural background necessary to resolve this appeal. "The record consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries." Fed. R. Crim. P. 58(g)(2)(b).

the United States, and the defendant pointed to the south near . . . some rocks where the defendant confirmed he had crossed the border from Mexico into New Mexico." (*Id.* at 106:23–107:2.) Judge Sweazea found Defendant guilty of entry without inspection, and this appeal ensued. (*See id.* at 108:9–12.)

## II.  Standard of Review

The Court has jurisdiction in this matter under 18 U.S.C. § 3402: "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." However, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). The Court will review "the legal conclusions de novo and factual findings for clear error." *United States v. Morrison*, 415 F.3d 1180, 1184 (10th Cir. 2005). The Court must "review the record for sufficiency of the evidence . . . to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt . . . ." *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (citations omitted).

## III.  Discussion

### A.  Official Restraint

Prior to Defendant's bench trial, this Court affirmed a similar conviction and held that "freedom from official restraint is a required element of 'entry' in the immigration context, but that continuous surveillance by law enforcement does not qualify as 'official restraint' for purposes of 8 U.S.C. § 1325(a)." *Gaspar-Miguel*, 362 F. Supp. 3d at 1121. The Court thoroughly analyzed the history and evolution of the doctrine of official restraint in the immigration context and incorporates by reference here the Memorandum Opinion and Order in *United States v. Gaspar-*

3

*Miguel*. *See id.* Of particular note, the Court reasoned that "the Tenth Circuit has never explicitly adopted or rejected the concept of surveillance as constructive official restraint[,]" but "the Court finds it likely that, given the Fifth Circuit's well-articulated concerns about the concept of surveillance as official restraint and the Ninth Circuit's unique position applying the doctrine in criminal cases, the Tenth Circuit will decline to adopt the concept of surveillance as constructive restraint." *Id.* at 1119.

Defendant now urges the Court to essentially reconsider its decision in *Gaspar-Miguel* by reevaluating the same caselaw and legal arguments that it carefully considered in that case. (*See* Doc. 27 at 6.) The Court declines to do so.[2] Thus, even if Agent Barroso had continuously surveilled Defendant as he crossed the border, such surveillance would not negate his "entry" into the United States. Further, Judge Sweazea's decision to credit Agent Barroso's testimony that he first saw and encountered Defendant when he approached him 100 yards north of the international border was not clearly erroneous, even in light of Defendant's arguments regarding discrepancies in the agents' reports and testimony. (*See id.* at 106:13–17:7, 113:25–115:14, 89:7–93:14.) *See also Morrison*, 415 F.3d at 1184. Having determined that surveillance does not equate to official restraint even when surveillance is continuous, the Court need not address Defendant's secondary argument that "the mere fact that [he] was briefly not in Agent Barroso's sight does not mean that

---

[2] Defendant argues on appeal that "[t]here is simply no basis for dividing the unified body of law defining 'entry'; to do so in order to limit the surveillance doctrine to the civil immigration cases in which it works to the government's benefit is erroneous." (Doc. 27 at 13.) The Court notes, however, that a careful reading of *Gaspar-Miguel* reveals that it did not "divid[e] the unified body of law" between civil and criminal cases. (*See id.*) Rather, the Court expressed its skepticism about equating surveillance with restraint in *all* contexts, but noted that the doctrine was only properly before the Court in the § 1325 context. *See Gaspar-Miguel*, 362 F. Supp. 3d at 1118 ("Though this appeal presents only the question of whether surveillance amounts to constructive official restraint in defining 'entry' under 8 U.S.C. § 1325(a), the Court is highly skeptical that surveillance should equate to official restraint at all, even in the civil contexts described above.")

4

he was not under constant surveillance." (Doc. 27 at 16.) Though the Court has held that freedom from official restraint remains a required element of "entry" in the immigration context, *see Gaspar-Miguel*, 362 F. Supp. 3d at 1121, Defendant was free from official restraint in this case and clearly entered the United States.

### B. Actual and Intentional Evasion of Inspection

Next, the Court rejects Defendant's argument that "inspection and admission by an immigration officer or actual and intentional evasion of inspection" is a required and "well-established" element of "entry" for immigration purposes. (*See* Doc. 27 at 17.) Section 1325(a) criminalizes:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . . .

8 U.S.C. § 1325(a). Defendant would add to this statutory definition an element of "entry" first articulated by the Board of Immigration Appeals in a civil case: "inspection and admission by an immigration officer or actual and intentional evasion of inspection . . . ." (Doc. 27 at 17 (citing *In re Pierre*, 14 I. & N. Dec. 467, 468 (BIA 1973)).)

Judge Gonzales carefully considered this issue in *Montes-Guzman* and held that applying such a definition of entry to § 1325 and § 1326 cases would improperly "render § 1325(a)(2) entirely superfluous, as 'actual and intentional evasion of inspection' would already be an element of 'enter[ing] or attempt[ing] to enter the United States' for purposes of § 1325(a)(1)." *See* 2019 WL 2211090, at *6. As Judge Gonzales explained:

> Section 1325(a) provides three ways in which an alien may commit illegal entry or attempted entry: he or she may enter the United States other than at a port of entry during designated hours; he or she may elude or evade, or attempt to do so, inspection by immigration officers at a port of entry; or he or she may present false

5

> documents or information to immigration officers at a port of entry. The three options are mutually exclusive. This Court declines to read the statute in a manner that renders one of three disjunctive subsections redundant.

*Id.* The Court agrees. To show that an individual "entered" the United States for purposes of sections 1325 and 1326, the Government need not prove that the individual actually and intentionally evaded inspection. Thus, the Magistrate Judge's determination that Defendant entered the United States was not erroneous. (*See* Doc. 26 at 108:9–12.)

The Court concludes that there was sufficient evidence in the record to find beyond a reasonable doubt that Defendant (1) is not a citizen of the United States; and (2) entered the United States at a place other than a designated port of entry. His conviction for entry without inspection in violation of 8 U.S.C. § 1325(a)(1) is **AFFIRMED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**